IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF OMAR RILEY, et al., | CASE NO. 5:17-cv-01300 |
| Plaintiffs, | JUDGE JOHN R. ADAMS |
| vs. | **DEFENDANT GENERAL ELECTRIC, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| GENERAL ELECTRIC, INC., | |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

NOW COMES the Defendant, General Electric Company ("Defendant General Electric"), improperly named in Plaintiffs' Complaint as General Electric, Inc., and for its Answer to Plaintiffs' Complaint states as follows:

1. Defendant General Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 3 of Plaintiffs' Complaint and therefore denies the same.

2. In response to Paragraph 4 of Plaintiffs' Complaint, Defendant General Electric denies that it is a Connecticut corporation. Defendant General Electric admits it manufactured gas ranges but is without knowledge or information sufficient to form a belief as to the truth of

11818945 _1 025481.0362

the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies the same.

3. Paragraph 5 of the Plaintiffs' Complaint is identical to Paragraph 4 and for its response to Paragraph 5, Defendant General Electric incorporates its answer to Paragraph 4 above as if fully restated herein.

4. Defendant General Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6 and 7 of Plaintiffs' Complaint and therefore denies the same.

5. Defendant General Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

6. In response to Paragraph 9 of Plaintiffs' Complaint, Defendant General Electric incorporates its responses to Paragraphs 1 through 8 above as if fully restated herein.

7. Defendant General Electric denies the characterizations of its duties contained in Paragraph 10 of Plaintiffs' Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 10 that it was a manufacturer of the gas range in question and therefore denies the same.

8. Defendant General Electric denies the allegations contained in paragraphs 11, 12 and 13 of Plaintiffs' Complaint.

9. In response to Paragraph 14 of Plaintiffs' Complaint, Defendant General Electric incorporates its responses to Paragraphs 1 through 13 above as if fully restated herein.

10. Defendant General Electric denies the allegations contained in paragraphs 15, 16, 17 and 18 of Plaintiffs' Complaint.

11818945 _1 025481.0362

11. In response to Paragraph 19 of Plaintiffs' Complaint, Defendant General Electric incorporates its responses to Paragraphs 1 through 18 above as if fully restated herein.

12. Defendant General Electric denies the allegations contained in paragraphs 20, 21, 22 and 23 of Plaintiffs' Complaint.

13. In response to Paragraph 24 of Plaintiffs' Complaint, Defendant General Electric incorporates its responses to Paragraphs 1 through 23 above as if fully restated herein.

14. Defendant General Electric denies the allegations contained in paragraphs 25, 26, 27 and 28 of Plaintiffs' Complaint.

15. Defendant General Electric denies each and every other allegation contained in Plaintiffs' Complaint not herein specifically admitted.

## FIRST AFFIRMATIVE DEFENSE

16. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

17. Plaintiffs' Complaint fails to allege facts sufficient to support a claim of punitive damages.

## THIRD AFFIRMATIVE DEFENSE

18. To the extent that Plaintiffs have failed to join necessary and indispensable parties including any subrogated carriers, then Plaintiffs' Complaint should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

19. To the extent that the evidence shows that Plaintiffs were comparatively negligent and/or assumed the risk of their injuries, then Plaintiffs' claims are barred and/or reduced.

**FIFTH AFFIRMATIVE DEFENSE**

20. To the extent that the evidence shows that the Plaintiffs misused the product, then Plaintiffs' claims are barred.

**SIXTH AFFIRMATIVE DEFENSE**

21. Any claims for compensatory damages for economic loss are limited by Ohio Revised Code §2307.71 through §2307.79.

**SEVENTH AFFIRMATIVE DEFENSE**

22. To the extent that Plaintiffs are seeking damages for personal injuries which are subject to the economic and non-economic caps for damages contained in Ohio Revised Code §2315.18, then Plaintiffs' damages should be limited pursuant to §2315.18.

**EIGHTH AFFIRMATIVE DEFENSE**

23. Any injuries or damages claimed by the Plaintiffs may have been solely the result of acts, omissions and/or conduct of other persons over whom Defendant General Electric exercised no control.  These acts and/or omissions may constitute intervening and superseding causes for the injuries and/or damages allegedly sustained by the Plaintiffs.  Thus, Plaintiffs are not entitled to recover against Defendant General Electric.

**NINTH AFFIRMATIVE DEFENSE**

24. Plaintiffs' claims are barred due to the spoliation of evidence.

**TENTH AFFIRMATIVE DEFENSE**

25. Defendant General Electric is entitled to the benefit of all defenses and presumptions contained in, or arising from, any product liability act and/or Uniform Commercial Code enacted by the State of Ohio.

11818945 _1 025481.0362

**ELEVENTH AFFIRMATIVE DEFENSE**

26. Plaintiffs' claims are barred, in whole or in part, under Ohio's contributory fault statutes (R.C. §§2315.32-2315.36), pursuant to R.C. §2307.711(A).

**TWELFTH AFFIRMATIVE DEFENSE**

27. Any allegations of product defect are controlled by the Ohio Product Liability statute.

**THIRTEENTH AFFIRMATIVE DEFENSE**

28. See Ohio Revised Code Chapter 2307.71, et seq. To the extent that there is an express or implied assumption of risk, pursuant to Ohio Revised Code Chapter 2307.711, that is a partial and/or complete defense to the Plaintiffs' claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

29. To the extent that the product was modified, repaired and/or changed after it left the control of the manufacturer, then the Plaintiffs' claims would be barred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

30. To the extent that an allegation is being made that the product is alleged to have inadequate warnings or instructions and to the extent that there is an open and obvious risk or a risk that is a matter of common knowledge, then Plaintiffs' Complaint would be barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

31. To the extent that Plaintiffs' alleged damages, if any, were caused by the alteration, misuse or abuse of the product and /or the Plaintiffs' failure to follow instructions, then the Plaintiffs' Complaint is barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

32. Defendant General Electric raises all objections and defenses available under the Ohio Product Liability Act, R.C. 2307.71, et seq.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

33. Any product manufactured in part, designed, distributed, and/or sold by Defendant General Electric was in accordance with all applicable industry standards, and reflected the current state of the art and state of scientific knowledge at the time that it was manufactured in part, designed, distributed, and/or sold. Consequently, there can be no liability imposed against Defendant General Electric.

**NINETEENTH AFFIRMATIVE DEFENSE**

34. Defendant General Electric provided proper warnings, information, and instruction for the products manufactured in part, designed, distributed, and/or sold in accordance with generally recognized prevailing standards at the time of such manufacture, design, distribution, and/or sale.

**TWENTIETH AFFIRMATIVE DEFENSE**

35. To the extent that evidence deduced through discovery or trial reveals that Plaintiffs failed to timely commence the instant action, Plaintiffs' claims are barred by any and all applicable statutes of limitation and/or statutes of repose.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

36. A finding of liability for punitive damages under current Ohio law and procedure would violate Defendant General Electric's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the right to trial by jury provisions of the Constitution of Ohio, in that:

6

    a.    Ohio law fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous:

        i.    This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous, and

        ii.    Fails to limit the jury's consideration to those defects specified and supported by substantial evidence, and

        iii.    This also denies defendant any meaningful review by the trial court of the admissibility of Plaintiff's claims as to certain defects, and

        iv.    This permits the jury to render a verdict against the Defendant General Electric based upon the vote of less than the majority of the jury, with each of the minimum of jurors required to vote for a verdict against Defendant General Electric basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiffs do not have substantial evidence, a defect never claimed by Plaintiffs' experts or a defect never mentioned in the evidence at the trial.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

37.    Ohio standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that they violate the Fifth Amendment to the United States Constitution and related provisions of the Ohio Constitution because they have the potential to permit the imposition of a state fine or penalty without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

38.    Ohio standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that they violate the Fifth Amendment to the United States Constitution and related provisions of the Ohio Constitution because they delegate to a jury the authority to set fines or penalties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

39.    Ohio's scheme for punitive damages, including, without limitation, the Ohio Jury Instructions on punitive damages, violate, both facially and as applied, the due process clauses of

the Fifth and Fourteenth Amendments to the United States Constitution and related articles of the Constitution of Ohio, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and related articles of the Ohio Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

40. Plaintiffs should not be afforded the right to a jury trial on their claim for punitive damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

41. The Plaintiffs' Complaint alleges insufficient evidence and otherwise fails to state a cause of action upon which punitive damages may be awarded.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42. Any judgment entered in favor of Plaintiffs should be reduced by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to Plaintiffs for the injuries alleged in the Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

43. Defendant General Electric reserves the right, until completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counter-claims, and/or third party petitions as may be appropriate.

WHEREFORE, Defendant General Electric Company demands that Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' costs and for such further equitable relief deemed appropriate by this Court.

        Respectfully submitted,

        */s/Ronald B. Lee*
        Ronald B. Lee (0004957)
        rlee@ralaw.com
        Roetzel & Andress, LPA
        222 South Main Street
        Akron, OH 44308
        Phone: 330.376.2700
        Fax: 330.376.4577

        *Attorneys for Defendant General Electric Company, improperly identified as General Electric, Inc.*

## JURY DEMAND

Defendant General Electric Company hereby demands a jury on all issues so triable.

>Respectfully submitted,
>
>*/s/Ronald B. Lee*
>Ronald B. Lee (0004957)
>rlee@ralaw.com
>Roetzel & Andress, LPA
>222 South Main Street
>Akron, OH  44308
>Phone:  330.376.2700
>Fax:  330.376.4577
>
>*Attorneys for Defendant General Electric Company, improperly identified as General Electric, Inc.*

## PROOF OF SERVICE

I hereby certify that the foregoing has been filed Electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system. In addition, a copy was served on August 18, 2017 pursuant to Civ.R. 5(B)(2)(f) by sending it by electronic means to the email address(es) identified below to:

Stanley P. Aronson, Esq.
aronsonlaw@gmail.com
Aronson & Associates
3085 West Market Street, Suite 130
Akron, Ohio 44333
*Attorneys for Plaintiffs*

                        */s/Ronald B. Lee*
                        Ronald B. Lee (0004957)